William D. Hyslop
United States Attorney
Eastern District of Washington
James A. Goeke
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 25, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 2:18-CR-00154-WFN |
| v. | PLEA AGREEMENT |
| DONALD L. RICKER, | |
| Defendant. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and James A. Goeke, Assistant United States Attorney for the Eastern District of Washington, and Defendant DONALD L. RICKER and Defendant's counsel, Andrea K. George, agree to the following Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, DONALD L. RICKER, agrees to plead guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C) to the Indictment in this case charging Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).

PLEA AGREEMENT – Page 1 of 11

Defendant understands that the charge of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), carries a maximum penalty of not less than fifteen years nor more than thirty years imprisonment, a fine not to exceed $250,000; a term of supervised release of not less than 5 years up to life; a $100 special penalty assessment; and a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act of 2015, unless the Court finds Defendant to be indigent. Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The United States and Defendant agree that this Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and to jointly recommend Defendant be sentenced to 15 years imprisonment. Defendant further

PLEA AGREEMENT – Page 2 of 11

understands that because this is a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than 15 years imprisonment. Defendant further understands that Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a sentence harsher than 15 years imprisonment.

3. <u>Waiver of Constitutional Rights</u>:

The Defendant, DONALD L. RICKER, understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a). The right to a jury trial;

(b). The right to see, hear and question the witnesses;

(c). The right to remain silent at trial;

(d). The right to testify at trial; and

(e). The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offense</u>:

The United States and Defendant agree that in order to convict Defendant of Production Child Pornography, in violation of 18 U.S.C. § 2251(a), the United States would have to prove beyond a reasonable doubt the following elements:

- *First*: Defendant used a minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;
- *Second*: at the time of the offense the minor was under the age of eighteen;
- *Third*: the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce or the visual depiction was mailed or actually transported across state lines or in foreign commerce.

5. Factual Basis and Statement of Facts:

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant DONALD L. RICKER's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the United States Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this agreement.

During June 2018, in the Eastern District of Washington, the Defendant, DONALD L. RICKER, created several visual electronic images of a sixteen year old girl as follows:

- an image of Victim 1 laying on her back with her hand wrapped around an adult male penis, pressed against her genitals;
- two close-up images, at slightly different distances, of Defendant's penis inside Victim 1's vagina;
- a further-zoomed-out image depicting Victim 1 laying on her back with Defendant's penis inside Victim 1's vagina. Victim 1's face,

unclothed body, and vagina with a male penis are all visible in this image.

Defendant knowingly produced the images of child pornography detailed above with a cellular phone that was manufactured outside Washington State and transmitted these images of child pornography using the internet to another individual.

6. <u>The United States Agrees</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment in this case, unless Defendant breaches this Plea Agreement any time before or after sentencing.

7. <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

(a.) <u>Base Offense Levels</u>:

The United States and Defendant agree that the base offense level for Production of Child Pornography is 32 pursuant to USSG §2G2.1(a).

(b.) <u>Specific Offense Characteristics</u>:

Defendant further understands his offense base offense level will likely be increased by the following specific offense characteristics:

The United States and Defendant agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the commission of sexual act or contact pursuant to USSG §2G2.1(b)(2)(A).

1  The United States and Defendant agree and stipulate that the base offense is
2  increased by an additional two (2) levels because the offense involved distribution
3  pursuant to USSG §2G2.1(b)(3).
4  The United States and Defendant agree and stipulate that the base offense is
5  increased by an additional two (2) levels because the offense involved a computer
6  service pursuant to USSG §2G2.1(b)(6).
7  The United States and Defendant are free to advocate for or against any
8  other enhancements and/or reductions under the USSG set forth in the Pre-
9  Sentence Investigative Report and/or found to apply by the Court.

10         (c.)   Acceptance of Responsibility:
11 If Defendant pleads guilty and demonstrates a recognition and affirmative
12 acceptance of personal responsibility for the criminal conduct; provides
13 complete and accurate information during the sentencing process; does not
14 commit any obstructive conduct; and accepts this Plea Agreement; the United
15 States will move for a three (3) level downward adjustment in the offense level
16 for Defendant's timely acceptance of responsibility, pursuant to USSG
17 §3E1.1(a) and (b).
18
19 The Defendant and the United States agree that the United States may at
20 its option and upon written notice to Defendant, not recommend a three (3) level
21 downward reduction for acceptance of responsibility if, prior to the imposition
22 of sentence, Defendant is charged ~~or~~ commits, and aKg [initials] convicted of any criminal offense
23 whatsoever or if Defendant tests positive for any controlled substance.

24         (d.)   Criminal History:
25 The United States and Defendant understand that Defendant's criminal
26 history computation is tentative and that ultimately Defendant's criminal history
27 category will be determined by the Court after review of the Presentence
28 Investigative Report. The United States and Defendant have made no agreement

PLEA AGREEMENT – Page 6 of 11

and make no representations as to the criminal history category, which shall be determined after the Pre-Sentence Investigation Report is completed.

8. **Jointly Recommended Term of Imprisonment:**

The United States and Defendant agree that this Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and to jointly recommend Defendant be sentenced to 15 years imprisonment.

9. **Criminal Fine:**

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate. Neither party may withdraw from the Plea Agreement based on the ultimate fine imposed.

10. **Supervised Release:**

The United States and Defendant have no agreement regarding a term of supervised release and either party may recommend any legal term of supervised release and may recommend or oppose any legal terms of supervision. Neither party may withdraw from the Plea Agreement based on the ultimate term of supervised release imposed.

11. **Restitution:**

The United States and Defendant hereby stipulate and agree that pursuant to 18 U.S.C. § 2259, the Court will order restitution for the full amount of the Victim 1's losses. For purposes of 18 U.S.C. § 2259, "victim," means the individual harmed as a result of a commission of the crime, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim. The United States and Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual(s), and/or medical provider who provided medical services and/or funds related to the treatment of Victim 1.

Defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that Defendant's restitution obligation is satisfied.

Neither party may withdraw from the Plea Agreement based on the ultimate amount or restitution ordered.

12. Mandatory Special Penalty Assessments:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

Pursuant to the Justice for Victims of Trafficking Act of 2015, upon conviction, unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed.

13. Payments While Incarcerated:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14. Additional Violations of Law Can Void Plea Agreement:

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or commits, and convicted of any criminal offense whatsoever or if aks D.B. Defendant tests positive for any controlled substance.

PLEA AGREEMENT – Page 8 of 11

15. **Appeal Rights**:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. If the Court imposes a sentence of not more than 15 years imprisonment, Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order for the benefit if Victim 1 up to $5,000.00, and any order of supervised release. Accordingly, Defendant retains only the right to appeal any restitution order to Victim 1 in excess of $5,000.00. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

16. **Notice of Sex Offender Registration**:

Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, Defendant must register and keep the registration current in each of the following jurisdictions: the location of Defendant's residence, the location of Defendant's employment; and, if Defendant is a student, the location of Defendant's school. Registration will require that Defendant provide information that includes name, residence address, and the names and addresses of any places at which Defendant is or will be an employee or a student. Defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations subjects Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17. Integration Clause:

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____          July 25, 2019
James A. Goeke                                      Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no

one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_Donald Ricker_      7-25-19
DONALD L. RICKER      Date
Defendant

I have read this Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_Andrea K. George_      07.25-19
Andrea K. George      Date
Attorney for Defendant